Brady, J.
This action was brought upon two promissory notes made by the defendants,, payable to their own order and indorsed by them. The'plaintiffs alleged that, thereafter, and before maturity, they became and were the-owners of the notes for value.
The answer contained no denial of any allegation in the complaint. It set up two defenses: One was that the notes were delivered to one Alonzo Follett, as a broker, to procure a discount of them at a rate not exceeding six per cent per *73 annum; that he fraudulently disposed of tnem and applied the proceeds to his own use; that the plaintiff had notice of these facts; that the notes were delivered by Follett to G-eorge I. Seney to be discounted at the usurious rate of ten per cent per annum, in accordance with an agreement made between them that the latter should discount notes of defendants and others at a usurious rate, but which Follett had received and discounted at the legal rate; that Seney knew Follett had no authority to make such an agreement, and that the latter, when he accounted to the defendants for the notes, did so at the legal rate of interest, and Seney knew it.
The evidence disclosed many transactions between Follett and the defendants in reference to notes and their discount, and that at about the time the notes in controversy were delivered to him there was a balance on notes, the whole amount of which had not been received, and which had been delivered to him in the usual way to be discounted. And it appeared further that no payment was made to the defendants upon the notes in suit, although they were discounted by Seney and at the rate of ten per cent per annum.
Follett failed on the 23d of September, 1882, owing to the defendants at that time, according to a balance which he himself accepted §2,521.80, and in which he accounted for the full face value of the notes, less a discount of six per cent. There was no proof offered by the plaintiffs to show that they were holders of the notes' for value before maturity. They seem to have rested upon the allegations of the complaint in that respect, and the omission of the defendants to deny it in any other way than by the presentation of the two defenses, to which attention has already been called.
The proof established the discount by Seney at a usurious rate; but Follett, who was examined as a witness on behalf of the plaintiffs, testified emphatically that he was the owner of the notes in controversy, having discounted them for the defendants. He said, in answer to the second interrogatory: “They brought their paper tome, for which many, many times I advanced them money; I discounted their paper for them and placed the proceeds to then- credit, subject to being drawn at sight whenever they wanted it * * * the two notes mentioned in the complaint were discounted by me.” And, in answer to the first redirect interrogatory, he said that at the time he sold the notes in suit to Mr. Seney he was the owner of them. And the issue presented to the jury, and the only issue, was-whether the statement of Follett was true, to the effect just stated, namely, that he had discounted and bought or *74 owned the notes. There was no exception to the charge in this respect, and no request on the part of the plaintiff's to submit any other question to the jury.
The peculiarity of the case consists in this, that Mr. Seney, who was called for the defendants, testified that when the paper was presented to him for discount, it was stated to be business paper and discounted by him upon "that statement; which, if believed, would, under established cases, have prevented and estopped the defendants from interposing the defense of usury. Ahearn v. Goodspeed, 72 N. Y., 109; Edwards on Bills, etc., §§ 492, 493.
The legal propositions pronounced by the learned court below as controlling the case, were that if Follett discounted the notes as he had testified, they were his property; but that if he received them as the broker of the drawers, to be put in the market and sold and the proceeds returned to them, they never became his notes, and he never became their owner; that if the notes were really his, he could give a good title to Seney, and the plaintiffs might recover; but that if he was not the owner and received them as a note broker, the jury must investigate the transaction in reference to them between him and Mr. Seney; and that if Follett never became the owner of the notes, and did not discount them for the drawers, then they were not his, and until they reached the hands of Mr. Seney they had no legal inception and went into his hands tainted with usury, because he discounted them at the rate of ten per cent per annum, which was beyond the legal interest. The effect of that transaction would be to taint them with usury and subject them to the usury laws of the state, which destroy ■such paper and make it entirely void.
As already suggested, there was no exception taken to this charge; indeed, the plaintiffs’ counsel acquiesced in it, because he requested the court to charge that if Mr. Follett bought the notes in suit from the makers, the defendants, whether he eventually paid for them or not, the plaintiffs were entitled to a verdict; and the court so charged. If there was any other fact in the case growing out of the ■evidence which, if established, would have entitled the plaintiffs to recover, it should have been suggested. It is too late upon appeal to introduce such an element and have it favorably accepted and considered.
The plaintiffs seem to have been contented to rest their ■case upon the proposition that Mr. Follett had become the owner of the notes, and owning them could sell them to Mr. Seney at any discount that he chose to accept. Upon that issue they were beaten. There does not seem to be anything in the case to warrant the disturbance of the verdict. None of the exceptions taken by the plaintiffs to *75 evidence introduced by the defendants is of any value, for two reasons:
First. Because no ground appears to have been stated by the record for the objections made, or any one of them; and
Second, because the facts sought to be elicited were properly connected with the defenses interposed. None of the exceptions taken by the plaintiffs to questions objected to by the defendants appears to be well taken. An examination of them discloses that they have no merit. The same observation must be made concerning the plaintiffs’ second request to charge, which was that if Follett, for personal reasons, agreed to and did sell the notes in suit to Seney at a discount of ten per cent to induce him to purchase the notes; such discount, if made without the knowledge or consent of Boorum & Pease, does not render the notes usurious, provided Boorum & Pease were to receive the full amount of the notes, less six per cent, and were not required to pay any part of the excess above six per cent. The answer to this is that there was no evidence warranting any such instruction to the jury. It necessarily involved an understanding to the effect stated between the defendants and the broker, of which there was no proof.
For these reasons the judgment must be affirmed.
Daniels, J., concurs.